UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK S. SCOTT,

    Plaintiff,                                File No.  1:05-CV-711

v.                                          HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                   /

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This action comes before the Court on Plaintiff Mark S. Scott's objections to the Magistrate Judge's August 7, 2006, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits be affirmed.  This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made.  28 U.S.C. § 636(b)(1);  FED. R. CIV. P. 72(b).  Although the Magistrate Judge's R&R is reviewed *de novo*, the Commissioner's decision will be affirmed if there is substantial evidence in the record to support the administrative law judge's findings of fact and if the correct legal standards were applied.  42 U.S.C.A. § 405(g) (West Supp. 2006);  *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

      Plaintiff first objects to the Administrative Law Judge's ("ALJ") reliance on Plaintiff's discharge from a return to work program in making the credibility determination.  The ALJ

considered the discharge from the return to the work program in combination with the discharge of Plaintiff from the pain center due to medication non-compliance. (Admin. R., Docket # 5, at 32.)  Plaintiff argues that he ceased to participate in the return to work program because of the pain that he was experiencing.  As was noted by the ALJ, Plaintiff's statements about pain are inconsistent with his discharge from the pain center for medication non-compliance.  Plaintiff was discharged from the pain center because a drug test showed that Plaintiff was not taking his prescribed medications, but did show the presence of marijuana.  (*Id.* at 260, 286-89.)  Plaintiff objects to the ALJ's reliance on the drug testing results by asserting that the absence of morphine demonstrates that he was not "abusing the prescription medications."  (Pl.'s Objections, Docket #10, at 3.)  However, the absence of morphine does show that Plaintiff was not following the medical regime prescribed by his physicians.  Plaintiff's actions were inconsistent, he claims that he left the work rehabilitation program because of pain, but the drug test showed that he was not taking his prescribed pain medication.

Plaintiff's second objection is to the Magistrate Judge's discussion of Plaintiff's marijuana use in relation to the drug test results and Plaintiff's credibility.[1]  However, the Magistrate Judge's discussion of Plaintiff's marijuana use does not implicate the ALJ's

---

[1] The drug test that showed the absence of morphine also showed the presence of tetrahydrocannabinol ("THC") at a level of 15 ug/mL. (Admin. R. 287.) Plaintiff objects because the test results indicate a normal range for THC of 0-15 ug/mL. However, another part of the same page indicates that the expected value is less than 15 ug/mL. So depending on which part of information provided along with the test results more accurately represents the normal range, Plaintiff may or may not have had higher than normal levels of THC.

credibility finding. The ALJ's determination of Plaintiff's diminished credibility does not reference Plaintiff's marijuana use. As discussed above, the ALJ primarily, if not exclusively, relied on the inconsistency between the pain Plaintiff claims to have experienced and Plaintiff's failure to comply with the course of treatment that was prescribed.

Plaintiff's third objection is that the record did not support the ALJ's conclusion that Plaintiff's claim of severe pain were not credible. As noted by the Magistrate Judge, the ALJ relied on statements from Dr. David P. McClary and Dr. J. Eric Zimmerman in assessing the credibility of Plaintiff's claim of severe pain. (Admin. R. 32.) In support of his objection Plaintiff restates the specific injuries identified by his physicians, but he does not address the statements from his physicians which were relied upon by the ALJ. (*Id.*) Therefore, as to Plaintiff's first three objections, the ALJ's credibility determination is supported by more than substantial evidence.

Plaintiff's fourth objection is that the hypothetical questions posed to the vocational expert ("VE") did not included limitations about Plaintiff's inability to perform work that involved "rapid repetitive fine motor manipulations rapid or repetitive work neck movements." (Admin. R. 34.) The Magistrate Judge correctly found that the ALJ had addressed this limitation in the second hypothetical presented to the VE. (*Id.* at 410-12.)

Plaintiff's fifth objection is that the hypothetical questions posed to the VE did not encompass Plaintiff's difficulty with concentration, because the ALJ's term "routine and repetitive" is similar to the term "simple work," of which some courts have disapproved. *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) ("simple jobs"), *overruled on other*

3

grounds *Barnhart v. Walton*, 535 U.S. 212, 224-25 (2002); *Bielat v. Comm'r of Soc. Sec.*, 267 F. Supp. 2d 698, 702 (E.D. Mich. 2003) (Cohn, J.) ("unskilled, sedentary work"); *McGuire v. Apfel*, No. CV-98-1302, 1999 U.S. Dist. LEXIS 9381, at *38-41 (D. Or. May 11, 1999) (unpublished) ("simple work"). The Magistrate Judge found that the ALJ's limitation in the hypothetical questions to routine and repetitive tasks encompassed Plaintiff's concentration problems. (Admin. R. 412.) The ALJ's conclusion as to Plaintiff's ability to concentrate was that "[f]or the reasons stated in the preceding section, the claimant is limited to routine and repetitive tasks due to moderate problems with concentration due to all his mental impairments and pain." (*Id.* at 32.) In the preceding section the ALJ stated that "[t]he claimant's admitted ability to read, watch television, and use a computer indicates that he has at most moderate difficulty in maintaining concentration, persistence, and pace." (*Id.* at 28.) In consideration of these statements, the cases cited by Plaintiff are distinguishable.

In all three of the cases cited by Plaintiff, the record indicated that the claimant had greater difficulty with concentration than Plaintiff experiences. In the matter before the Court, the ALJ's use of the term "routine and repetitive" task was sufficient to convey that Plaintiff has "at most moderate difficulty in maintaining concentration, persistence, and pace." (*Id.* at 28, 412.) *See Smith v. Halter*, 307 F.3d 377, 378, 380-81 (6th Cir. 2001) (finding *McGuire* similarly distinguishable). The ALJ did not find that Plaintiff generally has problems with concentration, rather the ALJ found that the Plaintiff is "limited to routine and repetitive tasks due to moderate problems with concentration . . ." (*Id.* at 32.) The facts

4

in the cases cited by Plaintiff that supported the detailed statements about impaired concentration are not present with respect to Plaintiff's difficulty with concentration.

Plaintiff's sixth objection is that the hypothetical questions did not encompass some of the detailed limitations on Plaintiff's abilities. Plaintiff seeks to include limitations in the hypothetical questions that the ALJ did not find credible. "[A]n ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible . . . ." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). The ALJ was not required to include limitations that the ALJ had found were not credible. Therefore, as to Plaintiff's fourth, fifth and sixth objections, the testimony of the VE in response to the hypothetical questions constitutes substantial evidence because the hypothetical questions accurately reflected Plaintiff's impairments. Accordingly,

**IT IS HEREBY ORDERED** that the August 7, 2006, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED.**


Date:  November 8, 2006            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE